02-10-101-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00101-CV 

 

 


 
 
 Medical Center of Lewisville a/k/a
 Columbia Medical Center of Lewisville Subsidiary, L.P.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Carolyn Slayton
 
 
  
 
 
 APPELLEE 
 
 


 

 

----------

 

FROM THE
211th District Court OF Denton
COUNTY

----------

 

OPINION

----------

          

I. 
Introduction

          The primary question presented by this
appeal is whether, after the expiration of Texas Civil Practice and Remedies
Code section 74.351’s 120-day expert report deadline, a health care liability
claimant may avoid dismissal of her suit against a health care provider by
filing an amended petition pleading a common law premises liability
slip-and-fall cause of action against the same health care provider and based
on the same facts as alleged in her original petition.  During the pendency of this appeal, the Texas
Supreme Court answered this question in the negative.  See Yamada v. Friend, No. 08-0262,
2010 WL 5135334, at *1 (Tex. Dec. 17, 2010).  
Accordingly, we will sustain Appellant Medical Center of Lewisville
a/k/a Columbia Medical Center of Lewisville Subsidiary, L.P.’s first issue and
will reverse the trial court’s order denying the Medical Center’s motion to
dismiss Appellee Carolyn Slayton’s suit. 
We will remand this case to the trial court to enter an order dismissing
Slayton’s suit and to conduct a hearing on attorneys’ fees pursuant to section
74.351(b)(1).  See
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(1)
(Vernon 2005).

II. 
Factual Background

          Slayton was hospitalized at the
Medical Center for an infection in her left leg.  Slayton was administered intravenous (IV)
antibiotics. While hospitalized, Slayton attempted to go to the restroom
without calling a nurse to help her. 
Slayton fell on what she claimed was antibiotic fluid from her IV and
suffered a laceration to her right shin from her IV pole, which she fell
on.  After a nurse found Slayton on the
floor and helped her to her bed, a doctor was called to examine the
laceration.  Slayton’s infection healed,
her laceration needed no further treatment, and she was discharged with instructions
for outpatient follow-up care.

III.  Procedural Background

          Slayton subsequently filed a health
care liability suit in district court on June 29, 2009, against the Medical
Center.[1]  Thus, her statutorily required expert report
was required to be served on the Medical Center by October 27, 2009 (120 days
after her petition was filed on June 29, 2009). 
Slayton did not serve an expert report on the Medical Center, and it
filed a motion to dismiss.  Slayton then
filed an amended petition and argued that her amended petition, which was based
on the same incident and the same facts, did not assert a health care liability
claim but only a common law premises liability slip-and-fall cause of
action.  In her response to the Medical
Center’s motion to dismiss, Slayton conceded that her original petition filed
on June 29, 2009, asserted a health care liability claim but argued that her
amended petition nonsuited that claim and related
back to the filing of her original petition.  After a hearing, the trial court denied the
Medical Center’s motion to dismiss, and the Medical Center perfected this
appeal.

IV. 
Yamada Prohibits Splitting a Claim

          In Yamada, the Texas Supreme
Court addressed “whether claims against a health care provider based on one set
of underlying facts can be brought as both health care liability claims subject
to the Texas Medical Liability Act (TMLA) and ordinary negligence claims not
subject to the TMLA.”  2010
WL 5135334, at *1.  The supreme court answered this question, “We hold that they
cannot.”  Id.  In Yamada, the Friends, whose daughter
collapsed and died at a water park, sued Dr. Yamada for negligently advising
the park about safety procedures and the placement of defibrillators.  Id. 
They did not file an expert report, and the trial court denied Dr.
Yamada’s motion to dismiss.  Id.  The court of appeals held that the Friends
had alleged (1) that conduct by Dr. Yamada violated medical standards of care
and that those allegations were subject to the TMLA and (2) that the same
conduct also violated ordinary standards of care and that those allegations
were not subject to the TMLA.  Id.  The Texas Supreme Court reversed the court of
appeals’ judgment, holding

that because all the
claims against Dr. Yamada were based on the same underlying facts, they must be
dismissed because the Friends did not timely file an expert report. When the
underlying facts are encompassed by provisions of the TMLA in regard to a
defendant, then all claims against that defendant based on those facts must be
brought as health care liability claims. Application of the TMLA cannot be
avoided by artfully pleading around it or splitting claims into both health
care liability claims and other types of claims such as ordinary negligence
claims.

 

                   .
. . .

 

. . . The court of
appeals’ holding that the Friends asserted health care liability claims against
Dr. Yamada is unchallenged and all their claims were based on the same
facts.  The Friends’ claims against Dr.
Yamada cannot be split into health care and non-health care claims by pleading
that his actions violated different standards of care; all their claims must be
dismissed.

 

                   .
. . .

 

Because the Friends
do not challenge the court of appeals’ holding that their claims against Dr.
Yamada are in part health care liability claims and based on facts covered by
the TMLA, the question before us is whether claims based on the same facts can
alternatively be maintained as ordinary negligence claims.  We hold that they cannot. 

 

Id. at
*1, 3–4.

V.  Yamada Mandates
Dismissal

          In her original petition, Slayton
pleaded, in part,                                             

10.     On or about Saturday, June 30, 2007, Ms.
Slayton got up from her bed to go to the restroom.  As she started to the restroom, Ms. Slayton
slipped and fell due to IV fluids (that she could not see) that had accumulated
on the floor.  Ms. Slayton was told by
the nurse that her IV bag was leaking and the nurse then changed the IV bag
but, unbeknownst to our client, the liquid on the floor that had leaked was not
cleaned up by the nurse.  When Ms.
Slayton slipped and fell on the IV fluid, the IV pole base sliced her right
shin open and caused a deep gash.

 

                   .
. . .

          

13.     Defendant, Medical Center . . . , provided
medical care, advice and treatment to Carolyn Slayton.

 

14.     Plaintiff alleges that the Defendant,
Medical Center . . . , acting through its directors, officers, employees and
agents, violated the duty of care it owed to Plaintiff Carolyn Slayton to
exercise that degree of care, skill, supervision, and diligence ordinarily
possessed and used by other hospitals under the same or similar
circumstances.  Plaintiff alleges Medical
Center . . . was negligent in the following respects and particulars among
others:

 

A.      In failing to properly perform the medical
treatment necessary to the Plaintiff’s welfare according to the standards set
by the medical profession;

 

B.      By failing to engage in recognized and
acceptable practices in the medical profession to limit the likelihood and
probability of infection following the treatment provided by the Defendant;

 

C.      Failing to adhere to the acceptable
standards for care of patients in the nursing profession by failing to properly
observe significant changes in the patient’s condition and alert a physician;
by failing to properly assess the patient’s needs and evaluate the medical
condition of the patient; by failing to implement a proper course of nursing
care based upon the existing condition of the patient; by failing to document a
significant change in the patient’s symptoms on the medical chart.

 

Slayton
conceded in the trial court in her response to the Medical Center’s motion to
dismiss,[2] and
concedes in this court in her appellate brief,[3] that her
original petition filed on June 29, 2009 and quoted above, asserted a health
care liability claim.  It is therefore undisputed
that on June 29, 2009, Slayton filed a health care liability claim in district
court against the Medical Center.  She
was thus required to serve an affidavit and a curriculum
vitae of an expert on the Medical Center by October 27, 2009.  See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a).  She failed to do so.

          Instead, after the Medical Center
filed its motion to dismiss based on her failure to comply with Chapter 74’s
expert report requirement, Slayton filed a first amended petition asserting
that she was “injured as a result of a dangerous condition in that there was
intravenous fluid on the floor [of] her room causing Plaintiff to fall and
injure herself.”  Her first amended
petition alleged that the Medical Center and its agents failed to properly
inspect and maintain the flooring area in question to discover the dangerous
condition, failed to maintain the floor in a reasonably safe condition, failed
to give her adequate warnings of the unsafe condition, failed to remove the
fluid that caused her to slip and fall, and failed to discover and remove the fluid
within a reasonable time.

          Thus, because Slayton conceded in the
trial court and concedes in this court that her original petition asserted a
health care liability claim, because she failed to file any expert report, and
because her first amended petition asserting a common law premises liability
slip-and-fall claim against the Medical Center is based on the same facts as
the health care liability claim asserted in her original petition, the record
before us reflects the type of claim splitting expressly prohibited by Yamada; we therefore hold that the trial
court erred when it denied the Medical Center’s motion to dismiss all of
Slayton’s claims against it, including the premises liability claim asserted in
her first amended petition.  See
Yamada, 2010 WL 5135334, at *3 (holding that health care liability claims
covered by the TMLA cannot be split and alternatively maintained as common law
non-health care liability claims).  We
sustain the Medical Center’s first issue.

VI. 
Conclusion

          Having sustained the Medical Center’s
first issue, we need not address any of its subissues.  See
Tex. R. App. P. 47.1.  We reverse the
trial court’s order denying the Medical Center’s motion to dismiss.  We remand this case to the trial court for
entry of an order dismissing Slayton’s claims against the Medical Center and
for a hearing on attorneys’ fees pursuant to section 74.351(b).  See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(b); Jernigan v. Langley,
195 S.W.3d 91, 94 (Tex. 2006).

                                                                   

SUE WALKER
JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  January 13, 2011











[1]The Medical Center
claims that Slayton had previously filed suit against it in the “Small Claims
Court, Justice of the Peace, Precinct Three, Denton County, Texas” and had
never filed an expert report, but instead had nonsuited
that suit and refiled in district court.  Because of our disposition above, we need not
address the impact of Slayton’s suit in small claims court on the present suit.





[2]Slayton’s response
to the Medical Center’s motion to dismiss stated that the claim she had asserted
prior to her first amended petition was a “health care liability claim that
would have been governed by Chapter 74 of the Texas Civil Practice and Remedies
Code” but that the claim “was non suited by virtue of
her First Amended Original Petition.”





[3]Slayton’s brief
states, “While Slayton’s alleged health care liability claim would have been
governed by Chapter 74 of the Texas Civil Practice and Remedies Code, that
claim was non suited by
virtue of her First Amended Original Petition.”